# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN LAETTNER, DON LAETTNER, STEPHANIE LAETTNER KUBIT, DONALD WILLIAMS, AND DENISE LAETTNER, | 4:15CV3123 |
| Plaintiffs, | **ORDER** |
| vs. | |
| JOSEPH KISHIYAMA, AND CHALOUPKA, HOLYOKE, SNYDER, CHALOUPKA, HOFFMEISTER & KISHIYAMA, PC LLO, | |
| Defendants. | |

This matter is before the court on Defendant Chaloupka, Holyoke, Snyder, Chaloupka, Hoffmeister & Kishiyama, PC LLO's motion to change trial location from Lincoln, Nebraska to North Platte, Nebraska, ([filing no. 11](#)). For the reasons set forth below, the motion will be denied.

## BACKGROUND

Defendant Chaloupka, Holyoke, Snyder, Chaloupka, Hoffmeister & Kishiyama, PC LLO is a law firm located in Scottsbluff, Nebraska. Plaintiffs are five individuals; four of whom reside in the state of California and one in Oklahoma. Plaintiffs filed their complaint on October 13, 2015, requesting trial in Lincoln, Nebraska. Defendants object to trial in Lincoln and request trial in North Platte.

## ANALYSIS

In deciding the place of trial "the judge shall consider the convenience of litigants, witnesses and counsel." NECivR. 40.1(b)(1). In analogous situations, courts have held

that the convenience of the litigants and witnesses are generally afforded greater weight than the convenience of counsel. See Standard Office Sys. v. Ricoh, 742 F. Supp. 534, 537 (W.D. Ark. 1990) (noting convenience of counsel seldom has controlling weight in determining whether a transfer of an action to a district where it might have been brought is proper under 28 U.S.C. § 1404(a)). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. See Nelson v. Bekins Van Lines Co., 747 F.Supp. 532, 535 (D. Minn. 1990)(citing Van Dusen v. Barrack, 376 U.S. 612, 646 (1964)).

The defendant wants the trial moved to North Platte, arguing North Platte is the most convenient location for the litigants, witnesses, and counsel. In support of the request, Defendant notes that it is located in Scottsbluff, Nebraska and its counsel is located in Wyoming. Defendant also states it intends to call a number of witnesses, all of whom are located closer to North Platte than Lincoln. The defendant also argues that because the plaintiffs are located outside of Nebraska, they will need to travel regardless of the trial location, and they could use air travel to North Platte's regional airport.

Plaintiffs maintain that travel options to North Platte's regional airport are more limited, time consuming, and expensive than travel to Lincoln: each Plaintiff estimates that around two additional days would be required for travel to North Platte. One plaintiff is over the age of 85 and another has a sick young child. Plaintiffs have several witnesses located outside of Nebraska, and Plaintiff's other witnesses are from Eastern Nebraska; closer to Lincoln. Counsel for Plaintiffs is located in Omaha, Nebraska.

Examining the arguments, all parties will be inconvenienced if trial is not in the location of their choosing: Plaintiffs and their witnesses will be inconvenienced if the trial is held in North Platte while Defendants and their witnesses will be inconvenienced by a Lincoln trial.

Having considered the parties' submissions as supported by the evidence of record, the court finds that, on balance, Lincoln is the proper location for the trial of this case. The court will not shift the inconvenience to Plaintiffs by changing the place of trial.

IT IS ORDERED:

1) The defendant's motion to change trial location, ([filing no. 11](filing no. 11)), is denied.

2) The trial of this case will be held in Lincoln, Nebraska.

Dated this 7th day of December, 2015

                                        BY THE COURT:

                                      *s/ Cheryl R. Zwart*
                                      United States Magistrate Judge